## WILSON v. NEWBURGH.

APPEAL AND ERROR; JUDGMENT; RESTITUTION.

Where this court reversed an order denying a motion for restitution of property taken under an erroneous judgment, and remanded the cause, with direction to grant the order of restitution as moved by the appellant, and thereafter, on motion of the appellee to have the mandate recalled, it appeared that the motion for restitution included certain accrued payments of rent on deposit in the registry of the court, the motion to recall the mandate was denied, but the mandate was so amended as to apply only to the restitution of the property, leaving the fund in question subject to the order of the court below. (Citing *Warder* v. *Newburgh*, 40 App. D. C. 385.)

No. 2685. Submitted January 22, 1915. Decided February 1, 1915.

PETITION by the appellee for the recall of the mandate for amendment.          *Mandate amended and petition denied.*

The facts are stated in the opinion.

*Mr. J. H. Adriaans* for the petition.

*Mr. George E. Sullivan* opposed.

**Mr.** Justice VAN ORSDEL delivered the opinion of the Court:

Appellee, Charles Newburgh, has filed a petition to have the mandate heretofore issued in this cause recalled from the supreme court of the District of Columbia for amendment, because of an alleged misapprehension as to its scope.

In the opinion of this court [*Wilson* v. *Newburgh,* 42 App. D. C. 407] the order of the court below was "reversed, with costs, and the cause remanded, with directions to grant the order of restitution as moved by appellant." From the opinion it will clearly appear that the court was considering only the right of appellant to restitution of possession of the real estate in controversy. It now appears that the motion for restitution included certain accrued payments of rental on deposit in the registry of the court. Of course, as to any fund sequestered by the court, it is proper for the court below to make any order it may deem proper for the preservation of the fund accrued, or that may accrue, awaiting the final disposition of the cause on the new trial ordered by this court. *Warder* v. *Newburgh,* 40 App. D. C. 385.

With this suggestion, the mandate may be considered amended to the extent that it shall apply only to the restitution of the possession of the real estate, leaving the fund in question subject to the order of the court below. It is therefore unnecessary to recall the mandate, and the petition to that extent will be denied. *Petition denied.*